IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YOVAL HERNANDEZ a/k/a YOVAL HERNANDEZ LAROSA, <br><br> Plaintiff, <br><br> v. <br><br> API CONSTRUCTION COMPANY, <br><br> Defendant. | Civil Action No. 2:22-cv-1656 <br><br><br> **ELECTRONICALLY FILED** |

## COMPLAINT

Plaintiff Yoval Hernandez, by and through his undersigned counsel, submits the following Complaint against Defendant API Construction Company averring the following in support thereof:

**A.  PARTIES**

1. Plaintiff resides in the state of Texas, within the confines of the city of Houston.

2. Defendant, API Construction Company, is a Minnesota corporation with a principal place of business located in Beaver County at 670 Pennsylvania Avenue in Rochester, PA 15074.

3. Upon information and belief, Defendant is authorized to and does business within the confines of the Commonwealth and Western District of Pennsylvania.

**B.  JURISDICTION AND VENUE**

4. Jurisdiction is proper pursuant to federal question jurisdiction, in accordance with the Title VII of the Civil Rights Act of 1964, as amended and 28 U.S.C. § 1367.

5. Plaintiff is proceeding in a timely manner pursuant to his "Right to Sue" letter issued by the Equal Employment Opportunity Commission and has exhausted all administrative remedies.

6. Venue is proper in this Honorable Court pursuant to 42 U.S.C. §2000e-5(f)(3) as all the acts alleged herein occurred within the confines of the Western District of Pennsylvania.

**C.  FACTS**

7. Plaintiff is a 50-year-old male of Cuban descent.

8. Plaintiff began employment with Defendant at the Shell Pennsylvania Petrochemicals Complex ("SPPC") in 2021.

9. Various employment opportunities at SPPC were filled by Union laborers who were pre-qualified and/or certified to perform the types of labor demanded on the job site.

10. Plaintiff is a skilled insulator and was employed by Defendant in this capacity in 2021.

11. Prior to November of 2021, Plaintiff had not received any complaints from Defendant or any of its supervisors regarding his knowledge, workmanship, and/or the quality of his work.

12. In fact, Plaintiff had grown accustomed to working at SPPC and developed strong relationships with fellow insulators and/or other laborers on the site.

13. On or about November 2021, it became well-known that Plaintiff's supervisor, Lino Torres, who is of Mexican descent, fired many of API's Cuban employees because of their national origin.

14. The fact became well-known because Mr. Torres compiled lists of primarily Cuban workers who employed in various capacities at the SPPC (secretaries, insulators, and other laborers) and instructed other foremen to fire the selected employees.

15. The foremen were instructed to find some pretext with which to fire the selected Cuban employees or elect to lay them off.

16. Mr. Torres ultimately replaced the groups of Cuban employees with individuals of Mexican decent falsely claiming that the new Mexican employees were his "friends" and/or "family."

17. The supervisors/foremen so instructed by Torres understood that the Cuban employees would be replaced with Mexican employees of Mr. Torres' choosing and that Cuban employees were being specifically targeted for layoff/firing by Torres.

18. The supervisors/foremen so instructed by Torres attempted to warn those of Cuban decent working at SPPC that the aforementioned terminations were planned.

19. It is believed and therefore averred that Plaintiff was a target of Mr. Torres' campaign to eliminate Cuban employees from SPPC.

20. On or about November 11, 2021, Plaintiff met with Mr. Torres himself, at which time Plaintiff was told he had been fired and was asked to sign a discharge document.

21. The discharge document stated that Plaintiff "threatened a foreman."

22. In fact, Mr. Torres had made an inappropriate comment about Plaintiff's wife, who also worked at SPPC.

23. Mr. Torres' disrespectful comments were witnessed by other employees at SPPC who drafted statements regarding Plaintiff's termination.

24. Many of the employees who witnessed the altercation disagreed with Mr. Torres' assessment of the circumstances that lead to Plaintiff's termination.

25. Plaintiff refused to sign the document because he did not agree with the reason behind his termination of employment.

26. Contrary to the discharge document and Mr. Torres' faulty pretextual reason for termination, Plaintiff was and is qualified to perform the duties of their position as an insulator at SPPC.

27. Due to the circumstances averred herein, it is believed and therefore averred that Plaintiff was discharged from his employment because he is Cuban.

28. Plaintiff believes and avers that a person of Mexican descent filled his position.

29. Plaintiff asserts that the reason for the elimination of his position was a pretext to Nation of Origin discrimination.

30. At all material times hereto, Defendant is liable for the conduct of its employees, agents, and/or supervisors described herein under the doctrine of *Respondeat Superior*.

31. Due in part to the termination described herein, Plaintiff has difficulty locating work as an insulator due to Mr. Torre's false, pretextual termination notice.

32. Plaintiff has suffered damage to his reputation as a skilled laborer due to Defendant's termination.

33. As of March of 2022, Plaintiff was reemployed, but not as an insulator making a fraction of what he was paid prior to termination with Defendant.

## **COUNT I—NATIONAL ORIGIN DISCRIMINATION**
42 U.S.C. §2000e

34. Plaintiff hereby incorporates all paragraphs of the foregoing Complaint as though the same were fully set forth herein.

35. At all relevant times hereto, Defendant is an employer within the meaning of 42 U.S.C. § 2000e, *et seq.*

36. It is unlawful for an employer, such as Defendant to discriminate against any individual with respect to hiring or defining terms and conditions of their employment because of an "individual's race, color, religion, sex or national origin." 42 U.S.C. §2000e-2(a).

37. Plaintiff is of Cuban descent, and thus within the class of protected persons under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e, *et seq.*

38. Plaintiff was qualified for his position and discharged because of his national origin.

39. Plaintiff was subsequently replaced with an employee of Mexican nationality.

40. Accordingly, as the result of Plaintiff's discharge because of his national origin, Defendant has violated the prohibition against national origin discrimination in the Title VII of the Civil Rights Act of 1964 in Employment Act, 42 U.S.C. § 2000e, *et seq.*

41. Under 42 U.S.C. § 2000e-5, Defendant is liable to Plaintiff for:

    a. Back pay (including benefits such as retirement benefits, and unpaid sick days);

    b. Front pay (including benefits);

    c. Liquidated damages equivalent to back pay and benefits;

    d. Prejudgment interest;

  e. Attorneys' fees;

  f. Cost of the proceedings;

  g. General damages including emotional distress.

WHEREFORE, Plaintiff Yoval Hernandez respectfully requests this Honorable Court enter judgment in his favor and against Defendant as set forth above, together with any and all general and equitable relief deemed appropriate.

## **COUNT II—NATIONAL ORIGIN DISCRIMINATION**
43 P.S. §§ 951-963

1. At all relevant times hereto, Defendant employed more than four persons within the Commonwealth of Pennsylvania and was therefore an employer within the meaning the Pennsylvania Human Relations Act ("PHRA") 43 P.S. § 954(b).

2. Plaintiff is a "person" of Cuban descent and is therefore within the class of protected persons under the PHRA, 43 P.S. § 954(a).

3. It is unlawful for an employer such as Defendant to discharge an employee because of his race, color, religious creed, ancestry, age, sex, national origin or non-job-related handicap or disability under the PHRA, 43 P.S. § 955(a).

4. Plaintiff was fired because of his national origin in violation of 43 P.S. § 955(a).

5. Accordingly, as the result of Defendant wrongfully terminating Plaintiff because of his Cuban national origin, Defendant has violated the prohibition against discriminating on the basis of national origin in violation of the PHRA, 43 P.S. § 955.

6. Due to Defendants discriminatory actions, under 43 P.S. § 959 *et seq.*, Defendant is liable for:

a. Back pay (including benefits such as retirement benefits, and unpaid sick days);

b. Front pay (including benefits);

c. Liquidated damages equivalent to back pay and benefits;

d. Prejudgment interest;

e. Attorneys' fees;

f. Cost of the proceedings;

g. General damages including emotional distress.

WHEREFORE, Plaintiff Yoval Hernandez respectfully requests this Honorable Court enter judgment his favor and against Defendant as set forth above, together with any and all general and equitable relief deemed appropriate.

**JURY TRIAL DEMANDED.**

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | QUINN LOGUE LLC |
| Date: November 18, 2022 | By: /s/ *Tyler S. Setcavage* <br> Tyler S. Setcavage, Esquire <br> Pa. ID No. 322867 <br> tyler@quinnlogue.com |
|  | /s/ *Matthew J. Brungo* <br> Matthew J. Brungo, Esquire <br> Pa. ID No. 311875 <br> mbrungo@quinnlogue.com |
|  | 200 First Avenue, Third Floor <br> Pittsburgh, PA 15222 <br> (412) 765-3800 |
|  | *Counsel for Plaintiff* |